IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JOEL IVERSON GILBERT,<br>STEVEN GEORGE McKINNEY,<br>DAVID LYNN ROBERSON,<br><br>Defendants | **CASE NO. 2:17-CR-00419-AKK-TMP** |

### DEFENDANT'S MOTION IN OPPOSITION TO BALCH & BINGHAM'S "PRIVILEGE ASSERTION PROTOCOL"

As a means of protecting the attorney-client privilege held by its other (non-party) clients, Balch & Bingham ("Balch") has proposed an unprecedented Privilege Assertion Protocol ("Protocol") that would violate the privileges and constitutional rights of the criminal defendants currently on trial—a protocol that no party supports (including the government).  Defendant David Lynn Roberson moves the Court to reject this Protocol, because it would be both unlawful and ineffectual.

Balch's proposed Protocol would require defense counsel to advise Balch's counsel, in advance of the testimony of any Balch witness, of the subjects that they intend to cover during their examination or cross-examination of such witness.  That compelled disclosure of core attorney work product is legally forbidden and, indeed, would threaten Defendants' Sixth Amendment rights by interfering with their ability to defend against the criminal charges at issue.

1

Specifically, the attorney work-product doctrine protects the "[w]ork product of the lawyer" prepared in anticipation of litigation, which "is reflected" in "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). The highest level of protection is reserved for material that reflects an attorney's strategic preparation for trial—"an attorney's mental impressions, conclusions, opinions, or legal theories." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). As the Eleventh Circuit has held, "these materials are almost always protected from disclosure." *United Kingdom v. United States*, 238 F.3d 1312, 1322 (11th Cir. 2001); *see Hickman*, 329 U.S. at 510 ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.").

These protections apply in criminal trials as well. See *United States v. Gustin*, 642 F.3d 573, 575 (7th Cir. 2011) (Easterbrook, J.) ("After all, an accused's trial strategy, and the reasons for it, are covered by the attorney-client privilege and the work-product privilege."). Crucial in civil litigation, they are "even more vital" in the criminal context. *United States v. Noble*, 422 U.S. 225, 238 (1975) ("The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case."). Indeed, in the criminal context, these protections take on constitutional magnitude. *Cf. U.S. v. Allen*, 491 F.3d 178, 192 (4th Cir. 2007) (in addressing Sixth

2

Amendment challenge, explaining that "providing" a party—there, the government—"with documents pertaining to a defense's intended cross-examination risks disclosure of protected work-product *and we discourage such orders*") (emphasis added); *In re Terkeltoub*, 256 F. Supp. 683, 685 (S.D.N.Y. 1966) ("The defendant has a right to prepare in secret," and an "intrusion" into this process "offends both the Fifth and Sixth Amendments"). A defendant whose lawyer cannot protect his work product and trial preparation materials is a defendant who cannot put on a defense. Yet the Constitution guarantees that right—in particular, to "confront and cross-examine witnesses," which has "long been recognized as essential to due process." *See Chambers v. Mississippi*, 410 U.S. 284, 294 (1973).

To reveal, as Balch requests, the topics that defense counsel intend to cover with particular witnesses is to disclose confidential trial strategy at the heart of the work-product doctrine. And while Defendants are not technically adverse to Balch, their interests are far from aligned. Among other things, Mr. Roberson intends to show that he relied in good faith on the advice that Balch provided—advice, according to the Government's allegations, that invited criminal behavior. Balch has an obvious interest in preserving its own reputation; Defendants' interests are to defeat the criminal charges. Because those plainly diverge, this compelled disclosure would not only be unlawful, but also manifestly prejudicial, implicating the Sixth Amendment. *See Terkeltoub*, 256 F. Supp. at 685 ("The defendant has a right to prepare in secret, seeing and inviting those he deems loyal or those with whom he is willing to risk consultation.").

Balch argues that this protocol would make it easier to protect its other clients' privileges and minimize objections at trial. But work product protection does not yield to policy interests in convenience, and that is true *a fortiori* for constitutional protections like the Sixth Amendment. *Cf. Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981) ("While it would probably be more convenient for the Government to secure the results of petitioner's internal investigation by simply subpoenaing the questionnaires and notes taken by petitioner's attorneys, such considerations of convenience do not overcome the policies serviced by the attorney-client privilege."). Instead, opinion work product "enjoy[s] a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Drummond Co. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1335 (11th Cir. 2018). Balch's desire to make this criminal trial more convenient for itself and its nonparty clients does not qualify.

Anyway, Balch is simply wrong that its protocol will make the trial run more smoothly. For one thing, defense counsel cannot predict, in advance of hearing a witness's testimony on direct examination, what topics they will cover on cross-examination. Those are delicate strategic judgment calls that depend on the subtleties of the testimony, the flow of the trial, and counsel's read on the jury, among other factors. Consequently, the need to assert and resolve privilege objections during the course of testimony will be inevitable as a practical matter. The minimal value likely to result from Balch's protocol further underscores that it cannot outweigh Defendants' interests in preserving their attorney work product.

In addition, any order requiring the disclosure of attorney work product would arguably be subject to immediate appeal to the Eleventh Circuit under the collateral order doctrine or through mandamus review. *See Sell v. United States*, 539 U.S. 166, 176 (2003) (granting interlocutory review of a criminal pretrial order that "conclusively determines the disputed question," "resolves an important issue completely separate from the merits of the action," and "is effectively unreviewable on appeal from a final judgment") (citation and alterations omitted); 28 U.S.C. § 1651(a). That would be especially true if conscientious refusal to comply with the protocol gave rise to contempt sanctions. *See generally Church of Scientology of California v. United States*, 506 U.S. 9, 18 n.11 (1992). Such an interlocutory appeal would cause far greater disruption to this proceeding than a few additional privilege objections during a few witnesses' testimony. Nor is the marginal, dubious convenience value of adopting this unprecedented protocol worth incurring a genuine risk of reversal post-trial.

*       *       *

Courts know how to handle privilege objections that arise during trial. They happen every day. The proper and prudent approach is to handle them as they arise—not to force criminal defendants to share sacrosanct trial strategy with potentially hostile witnesses ahead of time. Balch is, of course, free to advise the Court in advance if it foresees potential problems, so that the Court is poised to address them more efficiently. But Balch cannot piggyback off of Defendants' privileged materials to do so.

## CONCLUSION

For the reasons stated herein, Defendant respectfully request the Court to deny the proposed Protocol to the extent it requires defense counsel to disclose intended topics of testimony to Balch's counsel prior to examination or cross-examination of a Balch witness.

Dated:  June 27, 2018

                                            Respectfully submitted,

                                            *s/ Henry W. Asbill*
                                             Henry W. Asbill
                                             Buckley Sandler LLP
                                             1250 24th Street NW, Suite 700
                                             Washington, DC 20037
                                             Tel: 202-349-8007
                                             hasbill@buckleysandler.com
                                             *Admitted Pro Hac Vice*

                                            Brett Bloomston
                                            The Bloomston Firm
                                            2151 Highland Ave. South, Suite 310
                                            Birmingham, AL 35205
                                            Tel: 205-212-9700
                                            brett@thebloomstonfirm.com

                                            David Bouchard
                                            JONES DAY
                                            1420 Peachtree St., NE, Suite 800
                                            Atlanta, GA 30309
                                            Tel: 404-581-8386
                                            dbouchard@jonesday.com
                                            *Admitted Pro Hac Vice*

Barbara Harding
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
Tel: 202-879-939
bharding@jonesday.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant David Roberson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2018, I caused the foregoing DEFENDANT'S MOTION IN OPPOSITION TO BALCH & BINGHAM'S "PRIVILEGE ASSERTION PROTOCOL" to be filed with the Clerk of the Court and served on all attorneys of record in the above-captioned case via the CM/ECF electronic filing system.

                                   *Henry W. Asbill*
                                   Henry W. Asbill

                                   *Attorney for Defendant David Roberson*